# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: June 01, 2022

Mr. Lasean Dejong Houston
3079 S. Baldwin Road
Lake Orion, MI 48362

Re:  Case No. 21-1656, *Lasean Houston v. Lasean Houston, et al*
     Originating Case No. : 2:21-cv-11888

Dear Sir or Madam,

   The Court issued the enclosed Order today in this case. Judgment to follow.

                                        Sincerely yours,

                                        s/C. Anthony Milton
                                        Case Manager
                                        Direct Dial No. 513-564-7026

cc:  Ms. Kinikia D. Essix

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR PUBLICATION**

No. 21-1656

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 1, 2022
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| LASEAN DEJONG HOUSTON, | ) |
|     Plaintiff-Appellant, | ) ) ) |
| v. | ) ON APPEAL FROM THE UNITED ) STATES DISTRICT COURT FOR ) THE EASTERN DISTRICT OF |
| LASEAN DEJONG HOUSTON, Individually and Estate of, et al., | ) MICHIGAN ) ) |
|     Defendants-Appellees. | ) ) |

O R D E R

Before: CLAY, ROGERS, and STRANCH, Circuit Judges.

Lasean Dejong Houston, a pro se Michigan resident, appeals the district court's judgment dismissing his civil complaint for lack of subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3). This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In August 2021, Houston filed his complaint, suing his own estate and a large number of private individuals and state and federal government officials. The complaint is largely unintelligible, and Houston seeks numerous forms of relief, such as the recognition of his rights to several estates, including recognition of his rights in a child; the termination of all his debts, liabilities, obligations, and taxes; a declaration that he is "a private Moor, americas aboriginal illinoisan national, and subject of the Al Maroc Shereefian Empire, 'but not a citizen of the united states for the district of columbia, nor a citizen of america in congress assembled'"; the granting of 1,863 acres of untaxable land; and injunctive relief against compulsory medical treatment and

vaccination. Houston also submitted several similarly unintelligible filings and exhibits in support of his complaint.

The district court dismissed the complaint for lack of subject-matter jurisdiction, noting that Houston's alleged sources of jurisdiction—the 1787 Treaty of Marrakesh; the 1824 Treaty of Tunis; Article VI and Article III, Section Two, Clause One of the United States Constitution; the Judiciary Act of 1789; and the Articles of Confederation—did not suffice to grant the district court federal question jurisdiction over his claims. The district court also noted that complete diversity of citizenship did not exist and that sua sponte dismissal was appropriate due to the frivolousness of Houston's claims. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam).

On appeal, Houston frames his brief as a "Notice of 'Good' Cause" and demands that we show good cause why his assertions are untrue. He includes an affidavit expressing his beliefs about his legal status and rights, recites the terms of maritime treaties from the 18th and 19th centuries, and asserts that he is subject to only "Shereefian law" and the "Maxims of Equity." Houston also has submitted supplemental filings that appear to pertain to his claims of ownership of numerous pieces of real property and automobiles and to forfeiture proceedings due to his failure to pay property taxes.

We review de novo a district court's decision to dismiss a complaint for lack of subject-matter jurisdiction. *See Janis v. Ashcroft*, 348 F.3d 491, 492 (6th Cir. 2003). A complaint is subject to dismissal if the facts, accepted as true and viewed in the light most favorable to the plaintiff, show that the court lacks subject-matter jurisdiction. *See Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012). Pleadings drafted by pro se litigants should be held to a less stringent standard than those drafted by lawyers and should be liberally construed, *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), but pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Federal courts have subject-matter jurisdiction in cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. But Houston's complaint is largely

unintelligible and frivolous because it does not show how any of the defendants violated federal law. "[A] claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction . . . if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Hamdi ex rel. Hamdi v. Napolitano*, 620 F.3d 615, 624 (6th Cir. 2010) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006)). In any case, Houston's claims have nothing to do with maritime and mercantile disputes near countries on the northern coast of Africa, and his references to the Barbary Treaties from the 18th and 19th centuries are insufficient to raise a colorable claim. *See Knight v. Chatelain*, No. 8:19-cv-206, 2019 WL 2464789, at *5 (D. Neb. June 13, 2019); *Bey v. Jones*, No. 19-cv-2577, 2019 WL 2028703, at *2 (E.D.N.Y. May 8, 2019). Article VI of the Constitution concerns debts that preceded the adoption of the Constitution, the Supremacy Clause, and oaths to support the Constitution, none of which are implicated by the complaint. Article III, Section Two, Clause One generally authorizes jurisdiction in the federal courts, but the "[j]urisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). And the Articles of Confederation are no longer in force. Houston also failed to demonstrate diversity jurisdiction under 28 U.S.C. § 1332 because he is domiciled in Michigan, the same state as multiple defendants. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). None of Houston's wide array of assertions on appeal affects these conclusions.

It is often difficult to ascertain whether a thoroughly frivolous complaint should be dismissed for lack of jurisdiction or for failure to state a claim. To the extent that plaintiff may be said to assert federal question jurisdiction under 28 U.S.C. § 1331, based on various United States treaties and constitutional provisions, dismissal is warranted not on jurisdictional grounds but because plaintiff's assertion of a federal-law cause of action was frivolous. Federal district courts generally have jurisdiction to make frivolity determinations regarding whether federal law provides a cause of action.

No. 21-1656
- 4 -

For the reasons discussed above, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk